**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER 1:24-CR-00037-MAC** |
| § | |
| § | |
| **ALAN GRIEGO** § | |
| § | |

**REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed April 25, 2024, alleging that the Defendant, Alan Griego, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Alan Griego was sentenced on September 4, 2015, before The Honorable David Guaderrama, of the Western District of Texas, after pleading guilty to the offense of Conspiracy to Possess a Controlled Substance with Intent to Distribute 100 kilograms or more of Marijuana, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of III, was 120 months. Alan Griego was subsequently sentenced to 63 months' imprisonment followed by an 8-year term of supervised release subject to the standard conditions of release, plus special conditions to include: remaining in the custody of the Bureau of Prisons during nights,

1

weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of supervised release; substance abuse treatment and testing; workplace development programs; and a $100 special assessment.

## II.  The Period of Supervision

On October 1, 2019, Alan Griego completed his period of imprisonment and began service of the supervision term.

On March 12, 2020, the court granted a Request to Modify the Conditions of Supervision with Consent of the Offender and added a special condition for Mr. Griego to reside at Dismas Charities, Inc., 7011 Alameda, El Paso, Texas for a period of 120 days.

On December 22, 2020, the court again granted a Request to Modify the Conditions of Supervision with Consent of the Offender and added an additional special condition for Mr. Griego to reside at Dismas Charities, Inc. in El Paso, Texas for a period of 120 days.

On February 8, 2021, the court granted a Petition for Warrant or Summons for Offender Under Supervision and issued a warrant for Mr. Griego.

On March 22, 2021, Mr. Griego appeared before the court and admitted to Violation Number One in the petition for revocation of supervised release. On March 23, 2021, the court issued an order denying the petition for revocation of supervised release and ordered the defendant to comply with the same standard and special conditions imposed by the original judgment.

On September 15, 2021, the court granted a Request to Modify the Conditions of Supervision with Consent of the Offender and added a special condition for Mr. Griego to reside at Dimas Charities, Inc. in El Paso, Texas for a period of 120 days.

On November 30, 2021, the court granted a Petition for Warrant or Summons for Offender Under Supervision and issued a warrant for Mr. Griego.

On August 8, 2023, an Amended Petition for Warrant for Offender Under Supervision was ordered to add an allegation regarding unapproved travel outside of the Western District of Texas, when the federal arrest warrant was executed in Amarillo, Texas on July 11, 2023.

On September 28, 2023, Mr. Griego appeared before the court and admitted to the allegations in Violation Numbers One and Two of the amended petition for revocation of supervised release. The court issued an order denying the petition for revocation of supervised release and ordered the defendant to comply with the same standard and special conditions imposed by the original judgment, plus an additional condition to reside at a new address in El Paso, Texas, and to notify the probation officer of any plans to move at least 10 days before the change.

On April 23, 2024, jurisdiction in this case was transferred to the Eastern District of Texas and the case was reassigned to United States District Judge Marcia A. Crone.

### III.  The Petition

On April 25, 2024, United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising three allegations.  The petition alleges that Alan Griego violated the following conditions of release:

Allegation 1. The Defendant shall refrain from any unlawful use of a controlled substance.

Allegation 2. The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

Allegation 3. The Defendant shall submit to an evaluation for substance abuse dependency treatment as directed by the probation officer, and if deemed necessary

      by the probation officer, the Defendant shall participate in a program approved by the probation officer for treatment of narcotic addition or drug or alcohol dependency which many include testing and examination to determine if the Defendant has reverted to the use of drugs or alcohol. During treatment, the Defendant shall abstain from the use of alcohol and any and all intoxicants.

### IV. Proceedings

On May 13, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced that the Defendant agreed to plead "true" to the first allegation that claimed he failed to refrain from any unlawful use of a controlled substance. The parties did not have an agreement as to a recommended disposition regarding the revocation sentence and requested that the court sentence the Defendant. The Government, the Defendant, and Probation, however, all agreed that the Defendant should not serve another term of supervised release upon his release from imprisonment.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised

release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from any unlawful use of a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

---

[1]. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 5 to 11 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned

statutory sentencing factors will best be served by a prison sentence of 9 months with no term of supervised release to follow.

### VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance. The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 9 months' imprisonment with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Bastrop. The Defendant's request should be accommodated, if possible.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 13th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE